## POLLOCK v. C. HENNICKE COMPANY.

### Opinion delivered May 8, 1897.

SUPREME COURT—PRACTICE AS TO JUDGMENTS.—Where a majority of the judges composing the supreme court are agreed that a judgment of the lower court should be affirmed, though they differ as to the reasons for affirmance, the judgment will be affirmed. (Page 181.)

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*E. W. Kimball, J. Erb, Morris M. Cohn, Rose, Hemingway & Rose*, and *Ratcliffe & Fletcher*, for appellants.

*W. E. Atkinson, Carroll & Pemberton, C. S. Collins, Dan W. Jones & McCain, Marshall & Coffman, C. B. Moore, H. S. Dukes* and *R. W. Irwin*, for appellees.

[On March 6, 1897, the court, per BATTLE, J., handed down a memorandum for the entry of a judgment in this case. On a petition for rehearing the following opinions were handed down.]

RIDDICK, J. The contention on the motion to rehear is that, as a majority of the judges did not agree in the reasons for their judgment in favor of appellees, therefore the judgments should be for appellants.

The question presented for determination in this case was whether certain judgments confessed by the appellants, Pollock & Hirsch, in favor of certain of their creditors were void as to other creditors of said firm. The chancellor before whom the case was first heard decided that such judgments, taken in connection with certain transfers of property made by Pollock & Hirsch, and with the facts in proof, constituted an assignment, and were void as to creditors for non-compliance with the statute regulating assignments.

In the argument here it was said that the judgments were void for three reasons: (1) Because they were, under the facts in proof, part of a general assignment for the benefit of creditors. (2) That these judgments, or a portion of them, were void because confessed on debts not due. (3) Because they were based on fictitious facts.

Three of the judges of this court were of the opinion that certain of these judgments were void, but did not agree in the reasons for such conclusion. One judge based his conclusion on the ground that these judgments were intended to be, and under the facts were, part of a general assignment, and void. Two other judges were of the opinion that certain of the judgments were void as to other creditors because rendered on debts not due. Although the judges were not able to agree upon an opinion, a judgment was rendered here affirming the decree

of the chancery court as to certain of the judgments declared to be void, and reversing it in other respects.

On the motion for a rehearing, it is urged that this judgment should be set aside, and a judgment entered here in favor of appellants holding all of the judgments valid, for the reason that a majority of the judges were of the opinion that these judgments did not constitute an assignment, and a majority were also of the opinion that a valid judgment can be rendered by consent upon a debt not due. In other words, counsel contend that, as a majority of the judges hold in appellants' favor on each of the points in the case, taken separately, therefore on the whole case the judgment must be in their favor. But this contention, we think, is not sound. A material fact they seem to overlook is that three of the judges, a majority of the judges on the bench, came to the conclusion that certain of the judgments were void as to the attaching creditors. It follows, therefore, that so much of the decree of the chancery court as declares these judgments to be void must be upheld. So far as the judgment of this court is concerned, it is a matter of no moment that the reasons upon which these judges base their conclusions are not the same. The question propounded to the court by this suit was whether certain judgments were void as to attaching creditors. The answer of three of the judges is that these judgments are void. They agree that the judgments are void, and the fact that they differ as to the reasons upon which they base their opinion is of no moment, for a difference in reason is not a difference in opinion as to the essential question which determines the case. *Ashby* v. *White*, 2 Lord Raym. 950; Ram's Legal Judgments, 53.

This can be made plain by an illustration. These judgments were attacked upon several grounds. Now, suppose that the two judges who were of the opinion that the judgments were valid had not come to such conclusion, but had agreed with the other judges that the judgments were void as to creditors, basing their opinion on the belief that these judgments were rendered upon fictitious debts. In that event, while the judges would be unanimously of the opinion that the judgments were void, yet, as they could not agree in the reasons for such opinion, it might still be argued that as, on each of the points considered

separately, a majority of the judges were for upholding the judgments, therefore such judgments must be held valid, and the decree of the chancellor reversed. But such reasoning would lead to the absurd conclusion that if a majority of the judges could not agree upon the reasons for holding these judgments void, then the judgments must be sustained, although the judges were unanimous in the conclusion that they were void. The statement of such a proposition is, we think, sufficient to demonstrate its unsoundness as an argument. The motion to rehear denied.

BUNN, C. J., disqualified

BLACKWOOD, Special Judge, (dissenting). I do not concur in the manner of reaching the result announced by a majority of the court in this case. The two questions upon which the court is divided, the decision of which control the disposition of the assets, are: (1) Do the facts, under the law, make a general assignment void for non-compliance with the statutes? (2) Can judgments under our statutes be confessed on indebtedness not due? A majority of the court are of the opinion that the transactions involved did not constitute a general assignment, as held by the chancellor. A majority of the judges here are also of the opinion that under our statute a judgment can be confessed upon indebtedness not due.

Coke defines a judgment to be "the very voyce of law and right." Others have defined it to be "the decision or sentence of the law, pronounced by a court or other competent tribunal upon the matter contained in the record;" the conclusion that naturally and regularly follows from the premises of law and fact, and depends not therefore on the arbitrary caprice of the judge, but on the settled and invariable principles of justice.

Every point or legal question in this case, taken separately, has been decided by a majority of the judges in favor of the appellants. The result, therefore, that should follow naturally, regularly and logically should be for the appellants, like a judgment pronounced upon a special verdict. The result, as announced by a majority of the court, is made up of the union of the minority opinions of the judges on the several points of law involved. If another case, similar in every particular, were

submitted to the chancellor, he, following the majority opinion on the several law questions, as settled here, would arrive at a result and distribute the assets in a manner entirely different from the directions sent him by this court in this case.

It strikes me as an effort to make one right out of two wrongs. The result announced by a majority of the learned judges is arrived at by a species of logic which I am unable to comprehend, and therefore unwilling to sanction.